IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID CLYDE MORGAN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-571-A |
| | § | (NO. 4:02-CR-144-A) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

O R D E R

The court has received and reviewed the motion of David Clyde Morgan under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence and finds that the motion should be denied.

Movant alleges that his claim is based on a new rule of constitutional law made retroactive to cases on collateral review. Specifically, he relies on Johnson v. United States, 135 S. Ct. 2551 (2015). He says that he was sentenced as a career offender and that his underlying robbery conviction no longer counts as a crime of violence. This is the best the court can discern from the extremely conclusory statements made in the motion.[1] In its entirety, the substance of the motion is as follows:

> Ground One: Due process Johnson issue under the Fifth Amendment of the United States Constitution.
>
> Supporting FACTS: Sentenced as Career Offender and one of the qualifying crimes used to determine that status was a Tx simple robbery conviction which only qualified as a crime of violence under now unconstitutional

---

[1]Movant makes no attempt to meet his burden under § 2255. See Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980).

> residual clause.
>
> Ground Two: [Ineffective] assistance of [counsel] to challenge residual clause, or [career] offender designation with regard to separation of counts of Florida convictions and advised there were no appeal issues in the regard for above mentioned.

Doc.[2] 1.

Giving Morgan the benefit of the doubt, the court assumes that he is contending that <u>Johnson</u> has potential applicability to the prior felony conviction he references because of the presence of a residual clause ("otherwise involves conduct that presents a serious potential risk of physical injury to another") in § 4B1.2(a)(2) similar to the residual clause in 18 U.S.C. § 924(e)(1) with which the Supreme Court was concerned in <u>Johnson</u>. That is, he appears to be contending that a prior crime of violence came within the residual clause of § 4B1.2(a)(2). But, such contention would lack merit for at least two reasons.

First, under Fifth Circuit law "a defendant cannot bring a vagueness challenge against a Sentencing Guideline because a defendant is not entitled to notice of where within the statutory range the guideline sentence will fall." See <u>In re Arnick</u>, No. 16-10328, 2016 WL 3383487, at *1 (5th Cir. June 17, 2016)(per curiam); <u>United States v. Wilson</u>, 622 F. App'x 393, 405 n.51 (5th Cir. 2015); <u>see also</u> <u>United States v. Pearson</u>, 910 F.2d 221, 223 (5th Cir. 1990)(citing <u>United States v. Jones</u>, 905 F.2d 867 (5th Cir. 1990)).

---

[2]The "Doc." reference is to the number of the item on the docket in this civil action.

Second, even if USSG §4B1.2(a)(2) could be challenged for vagueness in some circumstances, it is not subject to such a challenge as to the offense of robbery because the commentary under §4B1.2 expressly includes "robbery" as a "crime of violence." USSG §4B1.2. comment.(n.1).

The court ORDERS that Morgan's motion to vacate, set aside, or correct sentence be, and is hereby, dismissed.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 27, 2016.

_____
JOHN McBRYDE
United States District Judge

3